PER CURIAM.
Susanne Murphy, appearing pro se, appeals a decision of the Unemployment Appeals Commission which requires her to reimburse the Agency for Workforce Innovation (“Agency”) for unemployment benefits in the amount of $550. We vacate the Commission’s order and remand for further proceedings.
Ms. Murphy claims, and has claimed all along, that she was entitled to unemployment compensation benefits for the workweeks of November 15-19 and 22-26, 2004. However, when she attempted to file online for benefits, the online system defaulted to the subsequent pay period and would not allow her to input the correct dates. The appeals referee found this error to have been made “inadvertently.” Ms. Murphy notified the Agency of the problem as early as February 2, 2005. The Agency does not argue that Ms. Murphy is not entitled to any benefits; it argues only that she is not entitled to benefits for the dates mistakenly recorded — an argument uncontested by Ms. Murphy. Accordingly, we are perplexed why the Agency’s records were not simply amended to reflect the correct dates for which Ms. Murphy was entitled to benefits. This is, after all, not a case of overpayment; rather, it is simply a case of a claimant receiving benefits to which she was entitled, but of which the Agency’s records reflect the incorrect dates. In essence, we are confronted with a scrivener’s error.
The order lacks competent substantial evidence to support a finding that Ms. Murphy has received benefits to which she was not entitled. We therefore vacate the order and remand this case to the appeals referee to make a definitive finding of whether Ms. Murphy was eligible for unemployment benefits for the weeks of November 15-19 and 22-26, 2004. If the appeals referee finds that Ms. Murphy was indeed eligible, the Agency’s records shall be amended to reflect the payment of $550 for the correct time period and the order purporting to require Ms. Murphy to reimburse the Agency shall be struck. “It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street.” Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 387-88, 68 S.Ct. 1, 92 L.Ed. 10 (1947) (Jackson, J., dissenting).
VACATED AND REMANDED with INSTRUCTIONS.
KAHN, C.J., WOLF and BENTON, JJ., concur.